BEAUGUREAU, HANCOCK,
STOLL & SCHWARTZ, P.C.
302 East Coronado Road
Phoenix, Arizona 85004
(602) 956-4438

Anthony J. Hancock (#005889) ahancock@bhsslaw.com
Attorneys for Plaintiff

LAW OFFICES OF MARK H. HARRIS
2207 J Street
Sacramento, CA 95816

Mark H. Harris (CA SBN 133578)
*Pro Hac Vice Pending*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Father Flanagan's Boys Home, a non-profit domestic corporation, a/k/a Boys Town; Claudia Dehring Dempster, as Executor/Personal Representative of the Estate of James M. Dehring and as Trustee of the James M. Dehring Living Trust dated January 19, 2016,<br><br>        Plaintiffs,<br><br>vs.<br><br>John A. Burkhart,<br><br>        Defendant. | No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>  1. **Breach of Contract**<br>  2. **Fraud**<br>  3. **Conversion** |

Plaintiffs Father Flanagan's Boys' Home, aka Boys Town and Claudia Dempster, as Executor/Personal Representative of the Estate of James M. Dehring and as Trustee of

Doc 155876

the James M. Dehring Living Trust Dated January 19, 2016 (hereinafter collectively referred to as "Plaintiffs") allege the following facts:

### GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION/ CLAIMS

1. Plaintiff Father Flanagan's Boys' (hereinafter referred to as "Plaintiff Boys Town") was and is a non-profit organization organized and doing business in the State of Nebraska. At all relevant times hereto, Plaintiff Boys Town was also commonly known as Boys Town.

2. Plaintiff Claudia Dempster (hereinafter referred to as "Plaintiff Dempster") is suing as the executor/personal representative of the estate of James M. Dehring and as the Trustee of the James M. Dehring Living Trust Dated January 19, 2016 (hereinafter referred to as "The Dehring Trust").  At all relevant times hereto, Trustee Plaintiff Dempster was a resident of the State of California.

3. Plaintiffs are informed and believe that Defendant John A. Burkhart (hereinafter referred to as "Defendant") is, and at all times herein mentioned, was an individual residing in the County of Mohave, State of Arizona.

4. The amount in controversy exceeds $75,000.00.

5. This Court has personal jurisdiction over the Defendant and has diversity jurisdiction over the subject matter of the case, pursuant to 28 U.S.C. § 1332(a).  Further, venue is proper as the subject agreement was entered into and/or was to be performed and/or Defendant conducted activity that gave rise to the claim for relief in Mohave County, Arizona, and/or one or more of the defendants reside in Mohave County, Arizona, all of which is in this Federal Judicial District.

**FACTUAL BACKGROUND APPLICABLE TO ALL CAUSES OF ACTION**

6. On or about July 8, 2011, James Dehring and Defendant entered into a Promissory Note (hereinafter referred to as "the Note") for the purchase of a property commonly known as 3255 Chanute Place, Lake Havasu City, Arizona 86406 (hereinafter referred to as "the Property"). Pursuant to the Note, Defendant agreed to make payments toward the purchase of the Property, while living in, and properly maintaining, the Property.

7. Upon his death, James Dehring had left the Property, if not sold, or the proceeds of the sale of the Property, to Plaintiff Boys Town. Prior to his death, James Dehring had also set up The Dehring Trust. Upon his death, Plaintiff Claudia Dempster was Trustee of The Dehring Trust. Plaintiff Dempster was also the Executor and Personal Representative of the Estate of James Dehring.

8. Defendant breached his obligations under the Note, but continued to reside in and control the Property.

9. Plaintiffs threatened to sue Defendant for the breach of his obligations concerning the Property and the Note.

10. After much negotiation and discussion, on or about January 3, 2020, Plaintiffs and Defendant resolved their dispute and entered into a "Mutual Release and Settlement Agreement" (hereinafter referred to as "the Agreement").

11. Pursuant to the Agreement, Defendant agreed to pay to Plaintiffs $100,000.00, which would ultimately go to Plaintiff Boys Town. Pursuant to the Agreement, upon payment of the $100,000.00, Plaintiff Dempster, as Trustee of the

Dehring Trust and Executor of the Dehring Estate, would execute and/or record a Release of Promissory Note and a reconveyance deed for the Property.

12. Defendant breached the express terms of the Agreement as follows:

(a) Defendant failed to pay the $100,000.00 as required under the Agreement.

(b) Despite numerous requests, both written and oral, Defendant has failed to produce payment as required under the Agreement.

(c) Plaintiffs are informed and believe that Defendant used the amount owed under the Agreement for personal use unrelated to the Agreement or the Property.

(d) Despite his breach of the Agreement, and failure to comply with repeated requests to cure his breach of the Agreement, Defendant has continued to reside at, and/or control, the Property.

13. Further, as set forth below, Defendant made a number of misrepresentations and/or concealed material facts, in order to induce Plaintiffs into entering into the Agreement to prevent Plaintiffs from either receiving the money promised under the Agreement or the Property.

14. Further, as set forth below, Defendant took and converted the money promised to Plaintiff which was to be paid/provided to Plaintiffs. Defendant has refused to provide the money to Plaintiffs.

## FIRST CAUSE OF ACTION

**(Breach of Contract Against Defendant John A. Burkhart)**

15. Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 14 of the Complaint.

16. On or about January 3, 2020, Plaintiffs and Defendant entered into a "Mutual Release and Settlement Agreement" (hereinafter referred to as "the Agreement"). A true and correct copy of that Agreement is attached hereto as Exhibit "A".

17. Pursuant to the Agreement, Defendant agreed to pay to Plaintiffs $100,000.00, which would ultimately go to Plaintiff Boys Town.

18. Pursuant to the Agreement, upon payment of the $100,000.00, Plaintiff Dempster, as Trustee of the Dehring Trust and Executor of the Dehring Estate, would execute and/or record a Release of Promissory Note and a reconveyance deed for the property.

19. Pursuant to the Agreement, after all of the foregoing acts occurred, Plaintiffs and Defendant would mutually release each other.

20. Defendant has knowingly, intentionally and willfully breached the Agreement as follows:

(a) Defendant failed to pay the $100,000.00 as required under the Agreement.

(b) Despite numerous requests, both written and oral, Defendant has failed to produce payment as required under the Agreement.

(c) Plaintiffs are informed and believe that Defendant used the amount owed under the Agreement for personal use unrelated to the Agreement or the Property.

21. Despite his breach of the Agreement, Defendant has continued to reside at, and/or control, the Property.

22. As a direct result of Defendant's breach of the Agreement, Plaintiffs have incurred damages of at least $100,000.00, not including interest, attorneys' fees, and litigation.

23. As a proximate result of Defendant's breach of the Agreements, and Plaintiffs' filing of this action, Plaintiffs have incurred, and will continue to incur, costs and reasonable attorney's fees, according to proof.

24. Plaintiffs are also entitled to interest at the legal rate of ten percent (10%), and/or as agreed, and/or as ordered, on the amount of damages incurred as a result of and since the breach of the Agreement.

25. Plaintiffs have performed all of their duties as required by said Agreement, except to the extent that Plaintiffs' performance has been either excused, waived and/or made impossible by Defendant.

26. Defendant's breaches, and/or Plaintiffs' discovery of the breaches, occurred within the past two years.

## SECOND CAUSE OF ACTION

### [Fraud - Intentional Misrepresentation]

27. Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 26 of the Complaint.

28. As set forth above, prior to and including January 3, 2020, Defendant made a number of material representations to Plaintiffs. These representations were made in telephone calls, by and through counsel, in personal discussions, and via email. Each and every representation was made directly to Plaintiffs by and through their counsel.

Discovery and investigation are continuing as to which representations were made in which forms. Discovery is also continuing as to the exact dates of the various representations. These representations include but are not limited to the following:

    (a)    That Defendant would pay to Plaintiff $100,000.00 pursuant to the timeframe promised.

    (b)    That Defendant would not use any of the $100,000.00 for personal use instead of paying as promised.

29.    The material representations made by Defendant above were false at the time made. The true facts were as follows:

    (a)    Defendant intended to not pay the amount promised in order to push off litigation, but remain in residence and/or control of the Property.

    (b)    Defendant had no intention of paying Plaintiffs any money.

    (c)    Defendant was going to use the $100,000.00 owed to Plaintiffs for personal use and remain in the Property.

30.    When Defendant made the foregoing representations, Defendant knew the representations to be false and made the representations with the intention to deceive and defraud Plaintiffs and to induce Plaintiffs to act in reliance on the promise in the manner hereafter alleged, or with the expectation that Plaintiffs would so act, including but not limited to entering into the subject Agreement.

31.    Plaintiffs, at the time these representations were made by Defendant, were ignorant of the falsity of Defendant's representations and believed them to be true. In reliance on these representations, Plaintiffs were induced to enter into the subject

Agreement. Had Plaintiffs known the actual facts, they would not have taken such actions.

32. Plaintiffs' reliance on Defendant's representations was justified and reasonable because of the relationship between Plaintiff Dempster and Defendant.

33. Plaintiffs discovered the facts constituting the fraud set forth above within the two years prior to the date of filing this Complaint, notwithstanding the fraudulent concealment by Defendant, and Plaintiffs exercised reasonable diligence in seeking the knowledge relating to the fraud.

34. As a proximate result of the fraudulent conduct of Defendant as herein alleged, Plaintiffs have been damaged in a sum according to proof but in excess of the jurisdictional requirements of this court, and not less than $100.000.00, not including interest, attorneys' fees and costs.

35. Defendant's conduct was a fraudulent misrepresentation, deceit or concealment of a material fact known to the Defendant with the intention on the part of Defendant of depriving Plaintiffs of property or legal rights, or otherwise causing injury, and was despicable conduct that subjected Plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs rights, so as to justify an award of exemplary and punitive damages.

## THIRD CAUSE OF ACTION

### [Conversion]

36. Plaintiff realleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 35 of the Complaint.

37.     Following entering into the Agreement, and pursuant to the express terms of the Agreement, Plaintiffs were owners and/or were entitled to the possession of a certain amount of money, including but not limited to $100,000.00.

38.     In doing the acts and omissions set forth above, Defendant has converted Plaintiffs' property as his own and has refused to provide Plaintiff with its property, including refusal to even account for Plaintiff's property.

39.     As a proximate result of Defendant's conversion, Plaintiff has been damaged in an amount which includes the value of the property converted ($100,000.00) and the damages for the proximate and foreseeable loss resulting from Defendant's conversion, amounts in excess of the jurisdictional requirements of this court, according to proof.

40.     Between the time of Defendant's conversion of the above-mentioned property to his own use and the filing of this action, Plaintiffs have expended money and time in pursuit of the converted property, including but not limited to attorney's fees, all to Plaintiffs' further damage in an amount according to proof.

41.     Defendant's acts alleged above were willful, wanton, malicious, and oppressive, and were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request a jury trial, and pray for judgment as follows:

1.     For special economic damages, in an amount to be proved at trial, but not less than $100,000.00;

2. For special and consequential damages, in an amount to be proved at trial;

3. For pre-judgment interest on all unpaid amounts at the highest rate allowed by law;

4. For punitive damages against Defendant, according to proof;

5. For attorney's fees and costs of suit; and

6. For such other and further relief as this court may deem just and proper.

DATED this 4th day of March, 2021.

                BEAUGUREAU, HANCOCK,
                STOLL & SCHWARTZ, P.C.


                By: Anthony J. Hancock
                   Anthony J. Hancock
                   W. Reed Campbell
                   302 East Coronado Road
                   Phoenix, Arizona 85004
                   Attorneys for Plaintiff

                LAW OFFICES OF MARK H. HARRIS


                By: Mark H. Harris
                   Mark H. Harris
                   2207 J Street
                   Sacramento, CA 95816
                   Attorneys for Plaintiff
                   *Pro Hac Vice Pending*